**Kathleen A. BRAUN, f/k/a Kathleen A. Lied, Respondent,**

v.

**Gary A. LIED, Appellant.**

No. WD 46207.

Missouri Court of Appeals, Western District.

April 13, 1993.

John R. Cullom, Kansas City, for appellant.

Daniel L. Franco, Linda F. Dycus, Kansas City, for respondent.

Before ULRICH, P.J., and BRECKENRIDGE and HANNA, JJ.

ULRICH, Judge.

Gary A. Lied appeals from the March 17, 1992, judgment of the trial court modifying the court's May 10, 1976, decree dissolving his marriage with Kathleen A. (Lied) Braun. Mr. Lied raises one point on appeal. He contends that the trial court erred in finding that the child born of the marriage, Wendy D. Lied, was not emancipated under section 452.340.5, RSMo Supp. 1992. The judgment of the trial court is affirmed.

The marriage of Gary A. Lied and Kathleen A. (Lied) Braun was dissolved by entry of decree in the Circuit Court of Jackson County, Missouri on May 10, 1976. Pursuant to the dissolution decree, Ms. Braun was awarded custody of the child born of the marriage, Wendy D. Lied, born August 10, 1971. Mr. Lied was ordered to pay child support to Ms. Braun in the amount of $80.00 per month.

On November 15, 1991, Ms. Braun filed a motion to modify the original decree of dissolution as to child support and to determine the amount of child support arrearage owed by Mr. Lied. A hearing was held in the matter on March 17, 1992. Other than providing the trial court with a trial brief and cross-examining Ms. Braun, Mr. Lied presented no evidence at the hearing.

At the time of the hearing, Wendy was twenty years old. She had graduated from high school in May of 1989 and had begun her college education prior to October, 1989, at Longview Community College, which she attended for two years until transferring to the University of Kansas in the fall of 1991.

Wendy attended school at the University of Kansas during the fall semester of 1991. In November of 1991, Ms. Braun and Wendy received the results of medical tests

Wendy had undergone. These results indicated that Wendy required some type of medical treatment and possible hospitalization. Although Wendy was enrolled in school at the University of Kansas for the 1992 spring semester commencing in January, 1992, Ms. Braun did not pay the tuition fees and Wendy did not attend school because, according to Ms. Braun, "we already had the test results back and knew [Wendy] was going to be going in for further testing and the biopsy," and "we didn't know what all it was going to entail either financially or as far as her being able to attend class until she had the biopsy in February." Wendy received medical treatment for the medical condition detected by the tests.

Wendy was accepted for readmission for the 1992 summer and fall semesters at the University of Kansas. At the time of the hearing, registration for classes had not yet occurred, but Ms. Braun indicated Wendy intended to continue her education and would enroll when registration opened. In the meantime, Wendy was living in an apartment in Lawrence, Kansas and was working approximately twenty-five hours per week. She continued to receive treatment for her medical condition.

Based upon the evidence presented by the parties, the trial court found that Wendy was a student at the University of Kansas at the time of the hearing and that she was enrolled for classes for the spring semester beginning in January, 1992, but had not attended classes for that semester due to her medical condition. The court found that Wendy intended to continue her education at the University of Kansas in the summer and again in the fall and that as a consequence, Wendy was not emancipated under section 452.340.5.

The trial court found a substantial and continuing change of circumstances requiring an increase in the amount of child support had occurred since the last award of child support. The court determined that the appropriate amount of child support to be paid by Mr. Lied was $400.00 per month. The court also determined that there was an arrearage in the past child support owed by Mr. Lied in the amount of $2,750.00, as agreed to by the parties. The court found that medical expenses in the amount of $1,200.00 had been incurred in connection with Wendy's medical condition and that Mr. Lied's obligation for that expense was $600.00.

Mr. Lied appeals only the trial court's finding that Wendy was not emancipated under section 452.340.5. Mr. Lied claims that Wendy "was twenty years old, did not attend classes or enroll at an institution of vocational or higher education during the spring 1992 semester and she was not currently enrolled or attending an institution of vocational or higher education, and her failure to so enroll or attend was not a result of a medical condition." Therefore, he argues, Wendy was emancipated under section 452.340.3(5), and the trial court was required to terminate the child support obligation.[1]

The scope of review of the trial court's findings in this court-tried civil case is defined in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The decree of the trial court will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.*

Section 452.340.3(5) provides that "[u]nless the circumstances of the child manifestly dictate otherwise and the court specifically so provides," the obligation of a parent to make child support payments ends when the child "[r]eaches age eighteen, unless the provisions of subsection 4 or 5 of this section apply." § 452.340.3(5). Subsection 5 of section 452.340 allows the

---

**1.** Ms. Braun contends in response that Mr. Lied implicitly stipulated to the fact that Wendy was not emancipated by stipulating to the modified amount of child support ($400.00 per month) he would pay. While the record does support Ms. Braun's claim that a stipulation was entered into, there is no evidence that Mr. Lied stipulated to the fact that Wendy was not emancipated. Rather, it appears more likely that implicit to the parties' agreement, Mr. Lied would pay $400.00 per month in child support only upon the trial court's finding that Wendy was not emancipated.

courts to extend the obligation to pay child support:

> If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school and so long as the child continues to attend such institution of vocational or higher education, the parental support obligation shall continue until the child completes his education, or until the child reaches the age of twenty-two, whichever first occurs.

§ 452.340.5.

Wendy graduated from secondary school in May of 1989 and was enrolled in and attending Longview Community College prior to October 1, 1989. Although she had enrolled at the University of Kansas for the spring semester of 1992, at the time of the hearing, which occurred during that semester, Wendy was not attending classes at the university. Mr. Lied argues that Wendy's medical condition did not prevent her from attending classes. He cites in support of his contention the fact that at the time of the hearing, Wendy was living in her apartment in Lawrence, Kansas and working twenty-five hours per week at a part-time job.

 Wendy maintained an apartment in Lawrence, Kansas because she temporarily resided in the apartment to attend school at the University of Kansas located in Lawrence. Section 452.340.5 does not require a child attending college to live in the same dwelling with the custodial parent in order for the noncustodial parent's support obligation to continue past the child's eighteenth birthday. *See Balogh v. Humel*, 834 S.W.2d 257, 259 (Mo.App.1992) (a child's attendance at college away from home does not constitute a relinquishment of custody by the custodial parent). That Wendy kept this apartment while she was unable to attend classes was not conclusive proof that she was emancipated, for as she demonstrated by receiving her readmittance for the summer and fall semesters of 1992, she intended to return to classes at the University of Kansas as soon as she was able.

Neither was Wendy emancipated because she was working part-time at the time of the trial. Ms. Braun had been receiving only $80.00 per month from Mr. Lied for Wendy's support. Ms. Braun testified that Wendy was without health insurance at the time of the hearing, as Mr. Lied had failed to provide health insurance coverage for Wendy as he had informed Ms. Braun he would, and Ms. Braun had accrued $1,200.00 in bills for Wendy's medical care. Wendy's attempts through part-time work to help with the cost of her own care are not proof of her emancipation. Moreover, Wendy's part-time employment is not proof that her medical condition did not prevent her from attending classes. Her ability to work part-time in March of 1992 does not prove that Wendy could have attended classes beginning in January of 1992.

The uncontroverted evidence introduced at trial was that in November of 1991 Wendy discovered that she had a potentially serious medical problem, the nature of which required that appropriate medical expertise determine its pathology. Additional tests and treatment were performed, including a biopsy in February of 1992. Ms. Braun testified without objection and without evidence to the contrary that at the time tuition fees for the spring 1992 semester were due, she and Wendy knew neither what financial demands Wendy's medical condition would entail nor what impact the illness and treatment would have on Wendy's ability to attend classes. At that point, they made the decision not to pay the tuition fees. The trial court properly found that Wendy's inability to attend classes during the spring of 1992 was dictated by her medical condition.

 If the legislature had not intended to give the courts some discretion in applying section 452.340.5, the legislature would have removed the opportunity for discretion by requiring the child to continue to attend consecutive semesters without interruption for any cause. The legislature's intent that the courts liberally apply section 452.340.5 is evident by the provision within the section that the appropriate court may waive the October first deadline

for enrollment required by section 452.-340.5 "[i]f the circumstances of the child manifestly dictate." The General Assembly obviously intended that children of dissolved marriages who desire to obtain education beyond high school and who manifest that desire by commencing the educational process as required by section 452.340 shall continue to receive the benefit of financial support from their parents as determined by the appropriate court. Considering the legislative intent, a more reasonable construction of section 452.340.5 and one consistent with public policy is that the parental child support obligation under section 452.340.5 should not be terminated as a result of the child's temporary inability to attend classes due to illness or physical disability when substantial evidence supports the finding that the interruption is temporary and that the child intends to continue his education.

The uncontroverted testimony of Ms. Braun was that Wendy intended to continue her education at the University of Kansas in the summer and fall following the spring 1992 semester missed as a result of her illness. The trial court so found. Mr. Lied's obligation to pay child support for his daughter while she is attending college will not be terminated as a consequence of Wendy's inability to attend classes due to her medical condition during the spring 1992 semester. The trial court's decree that Wendy was not emancipated under section 452.340 is supported by substantial evidence, is not against the weight of the evidence, and neither erroneously declares nor misapplies the law. *Murphy,* 536 S.W.2d at 32. The judgment of the trial court is affirmed.

All concur.