Marie A. DAILY, Appellant,

v.

Gerald E. DAILY, Respondent.

No. WD 50764.

Missouri Court of Appeals,
Western District.

Dec. 19, 1995.

Patrick B. Starke, Blue Springs, for appellant.

Nancy A. Beardsley, Blue Springs, for respondent.

Before BRECKENRIDGE, P.J., and ULRICH and LAURA DENVIR STITH, JJ.

ULRICH, Judge.

Marie A. Daily appeals the trial court's order finding Rebecca M. Daily, daughter of Marie Daily and Gerald E. Daily, emancipated as of January 1, 1994, and not October 1, 1994; denying Marie Daily's motion to modify maintenance; and ordering her to pay Mr. Daily the sum of $900.00 as attorney fees. Ms. Daily claims the trial court erred in declaring that (1) Rebecca's failure to continue her enrollment in a post secondary school terminated Mr. Daily's obligation to continue child support payments; (2) the separation agreement precluded amending the $1.00 per year maintenance award absent Ms. Daily becoming blind due to diabetic retinagraphy; and (3) in awarding Mr. Daily attorney fees because he neither pleaded nor proved attorney fees.

The trial court's order is affirmed in part, reversed in part, and the case is remanded with directions.

The parties' marriage was dissolved on January 25, 1984. The dissolution decree gave Ms. Daily custody of the two minor children, ordered child support, and provided for $1.00 per year maintenance as provided in the separation agreement signed by the parties. Several modifications followed that included provision for emancipation of the older child and changed the amount of child support required of Mr. Daily.

Ms. Daily has several health problems. She has been a diabetic since prior to the divorce. In 1989 she was diagnosed with Multiple Sclerosis. At that time she quit work and began receiving Social Security Disability benefits. Ms. Daily is capable of driving and performing routine household chores with some assistance.

Both daughters live with Ms. Daily. They have not contributed financially to the household, but Ms. Daily plans that the elder child will pay $50.00 a month, and Rebecca, the younger child, will pay $40.00 a month.

## I. Emancipation

■ Ms. Daily claims as her first point on appeal that the trial court erred in declaring Rebecca emancipated on January 1, 1994 instead of October 1, 1994. The decision of the trial court will be affirmed unless it is not supported by substantial evidence, is against the weight of the evidence or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc.1976); *Sinclair v. Sinclair*, 837 S.W.2d 355, 356 (Mo. App.1992).

Rebecca graduated from high school in May of 1993 and subsequently enrolled in college for twelve hours of credit in the fall of 1993. She dropped nine of these hours, completing three hours for the 1993 Fall semester. She did not return to college for the Spring semester of 1994. Sometime after quitting college she indicated to her mother an interest in starting Emergency Medical Technician training (EMT), which she eventually began attending in May of 1994.

Ms. Daily argues that since Rebecca returned to an educational program after graduating from high school, only a temporary lapse in her continued education resulted. Therefore, she argues that Rebecca was not emancipated until she completed the EMT training in the early Fall of 1994.

Section 452.340.5 RSMo (1994) governs the continued obligation of support and the pertinent portion states:

> If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school and so long as the child continues to attend such institution of vocational or higher education, the parental support obligation shall continue until the child completes his education, or until the child reaches the age of twenty-two, whichever first occurs. If the circumstances of the child manifestly dictate, the court may waive the October first deadline for enrollment required by this subsection.

■ Rebecca's enrollment in college prior to October 1, following her high school graduation is not disputed. Although she carried only three hours, nothing in the statute requires the child to attend the institution on a full-time basis. *Harris v. Rattini*, 855 S.W.2d 410 (Mo.App.1993). However, she did not continue enrollment in an institution of vocational or higher education as required by the statute. Although exceptions have been recognized to the continuous enrollment requirement, they are limited to situations in which the circumstances of the child manifestly dictate that it be waived. *See Braun v. Lied*, 851 S.W.2d 93 (Mo.App.1993); *McNair v. Jones*, 892 S.W.2d 338 (Mo.App. 1995).

■ Ms. Daily argues that temporary interruption of enrollment with an intent to continue education is all that is required in order to waive continuous enrollment. This is not the appropriate test. Waiver of the continuous enrollment requirement is appropriate only when the (1) interruption from enrollment is temporary, (2) an intention to re-enroll is evident, and (3) manifest circumstances prevented continuous enrollment. The second and third requirement is lacking in this case.

In *Braun*, the child had attended two years at a community college and one semester at the University of Kansas. She did not attend the University of Kansas the Spring semester due to a medical condition. She then was accepted for readmission for the spring and fall semesters of the following year. *Braun*, 851 S.W.2d at 94. The Court determined that section 452.340 allowed some discretion in requiring the child to continue attending school in consecutive semesters. *Id.* at 95. The Court held, "the parental child support obligation is not terminated due to the child's temporary inability to attend classes due to illness or physical disability when substantial evidence supports the finding that the interruption is temporary and that the child intends to continue his education." *Id.* at 96.

The court in *McNair* applied this rationale when the child's temporary inability to attend classes arose from the parent's refusal to pay support. *McNair*, 892 S.W.2d at 341. The court held that because the child had the intention to re-enroll in college and that his discontinued enrollment was due to lack of support from his father, the circumstances

were appropriate for waiver of the continuous enrollment requirement. *Id.* at 341.

In both these cases, the temporary lapse in enrollment was due to external factors beyond the child's control. In the present situation, Rebecca ceased attending school of her own volition. No external circumstance required her to temporarily depart from her education. The trial court did not err in finding Rebecca emancipated as of January 1, 1994. Substantial evidence supported the court's finding, the court's finding was not against the weight of the evidence, and the court neither erroneously declared nor erroneously applied the law. *Murphy,* 536 S.W.2d at 32.

Point I is denied.

## II. Modification of Maintenance

■ Ms. Daily's next point claims error in the trial court's denial of her request to modify maintenance. Mr. Daily asserted that the court is precluded from modifying the maintenance provision absent Ms. Daily becoming blind as a result of diabetic retinagraphy, a condition precedent contained within the Separation Agreement. Whether the trial court denied Ms. Daily's motion to modify maintenance because it concurred with Mr. Daily's legal position is unclear because the court did not state a reason for denying the motion to modify.

■ Section 452.325 RSMo (1994) allows parties to enter into a written separation agreement containing provisions for maintenance, and if the court finds the agreement not unconscionable, the agreement is binding on the Court. The court's finding that the agreement is not unconscionable is equivalent to judicial approval of the plain language of the contract. *State ex rel. Robinson v. Crouch,* 616 S.W.2d 587, 590 (Mo.App.1981).

The parties signed a written separation agreement when they divorced that contained the following provision:

II. Maintenance of Spouses

The parties agree that although the Wife is not currently in need of maintenance, the Wife may in the foreseeable future loose her eyesight as a result of diabetic retinagraphy. The parties specifically agree that the court shall retain jurisdiction of the issue of maintenance and the Wife shall receive maintenance of $1.00 per year until such time as the court should determine that maintenance award should be modified.

The agreement further provided that its terms would become operative and binding when the court found that it was not unconscionable. The provision for maintenance was incorporated into the decree.

The decree stated that the Separation Agreement was not unconscionable, and the relevant portion of the order provided as follows:

... that the parties perform pursuant to the terms of their Separation Agreement dated January 19, 1984, as introduced into evidence herein.

... that the respondent shall pay to petitioner the sum of One Dollar ($1.00) per year as and for her maintenance and support, and in default thereof let execution issue therefor.

Mr. Daily argues that these provisions permit the court to modify maintenance only if and when Ms. Daily becomes blind due to diabetic retinagraphy. He further argues that since this event has not occurred the trial court is without authority to make any modification of the maintenance award of $1.00 per year.

■ Since the parties agreed that the terms of the agreement be incorporated by the court into the decree, the maintenance award is decretal maintenance. *Bradley v. Bradley,* 880 S.W.2d 376, 378 (Mo.App.1994). The agreement may expressly preclude or limit modification of the terms set forth in the decree. § 452.325.6 RSMo (1995). Absent an express limitation in the separation agreement a maintenance provision is modifiable by the court. *Berman v. Berman,* 701 S.W.2d 781, 785 (Mo.App.1985).

■ The terms of the parties' divorce decree did not preclude modification of the maintenance award. In accordance with the Settlement Agreement the Court maintains jurisdiction over the issue and awarded one dollar until such time as that award should

be modified. The normal rules of contract construction apply to settlement agreements. *Blackman v. Blackman,* 767 S.W.2d 54, 59 (Mo.App.1989). When the language of a provision is in dispute, the court must determine the parties' intent as manifested in the document itself and not by what the parties say they intended. *Id.* This is done by giving the words of the agreement their plain and ordinary meaning as understood by a reasonable and average person. *Id.*

The terms of the agreement did not limit the ability of the court to modify maintenance only if Ms. Daily experienced diabetic retinagraphy. The mention of diabetic retinagraphy appears in the provision as an example, not as an absolute limitation or condition precedent. If the parties had intended such disability be the only circumstance in which maintenance could be modified they would have expressly made such a limitation, and the trial court could have considered whether such provision was unconscionable. The trial court had authority to modify maintenance. The trial court did not state why it denied modification of the maintenance award and, therefore, it may have denied modification because of this issue. The issue of whether the maintenance award should be modified is remanded to the trial court to determine, and the trial court shall enter an order in accordance with its finding.

### III. Attorney Fees

Ms. Daily's final point on appeal claims the trial court erred in ordering her to pay Mr. Daily's attorney fees. She asserts that the order ignored the relevant factors in section 452.355 and that the order was improper because Mr. Daily neither pleaded nor proved attorney fees.

Attorney fees can be awarded only if the parties are afforded adequate notice and a full opportunity to be heard. *Picou v. Picou,* 800 S.W.2d 754, 755 (Mo.App. 1990). The trial court lacks authority to make an award in the absence of notice. *Id.* The lack of notice, hearing and evidence requires reversal on appeal. *Doll v. Doll,* 819 S.W.2d 739, 741 (Mo.App.1991).

Mr. Daily did not request attorney fees, nor was the issue addressed at trial. No evidence was introduced by Mr. Daily regarding his attorney fees. The trial court's award of attorney fees in the amount of $900.00 must be reversed.

The award of attorney fees is reversed. The denial of the motion to modify the maintenance award is reversed. The case is remanded for determination of whether the portion of the decree awarding Ms. Daily maintenance should be modified and for entry of the court's order modifying the maintenance award, if appropriate. The judgment is affirmed in all other respects.

All concur.