**Marie A. DAILY, Appellant,**

v.

**Gerald E. DAILY, Respondent.**

**No. WD 53169.**

Missouri Court of Appeals, Western District.

April 29, 1997

Patrick Burwell Starke, Blue Springs, for Appellant.

Nancy A. Beardsley, Blue Springs, for Respondent.

Before BRECKENRIDGE, P.J., and SPINDEN and HOWARD, JJ.

---

5. Bey does not allege that Superintendent White was somehow negligent in hiring Officer Morris.

HOWARD, Judge.

Marie Daily appeals the trial court's Amended Order, issued on remand after a previous appeal to this Court, denying her cross-motion to modify maintenance. Ms. Daily contends that the trial court erred in denying her cross-motion because it incorrectly focused its attention, in direct contradiction of this Court's findings in the previous appeal, on the issue of whether the parties intended that Ms. Daily's maintenance could be modified for a reason other than blindness due to a condition known as diabetic retinopathy.

The trial court's order is reversed, and the case is remanded with specific instructions to the trial court.

On January 25, 1984, after about twelve years of marriage, Marie and Gerald Daily divorced. The court incorporated into its dissolution decree a Separation and Property Settlement Agreement entered into by the parties. As per the agreement, the dissolution decree awarded custody of the minor children to Ms. Daily, and ordered Mr. Daily to pay child support. The separation agreement also contained a maintenance provision which states:

> The parties agree that although the wife is not currently in need of maintenance, the wife may in the foreseeable future lose her eyesight as a result of diabetic retinography [sic]. The parties specifically agree that the court shall retain jurisdiction of the issue of maintenance and the wife shall receive maintenance of $1.00 per year until such time as the court should determine that the maintenance award should be modified.

At the time of the original decree, Ms. Daily suffered from diabetes. She never has developed diabetic retinopathy, but in 1989 she was diagnosed with Multiple Sclerosis. She quit her job and began receiving disability benefits.

The trial court modified its decree several times prior to the instant action. The previous modifications involved the emancipation of the older daughter and changes in child support payments. The instant action began in April, 1995, when Mr. Daily filed a motion to modify the dissolution decree as to the emancipation of the younger daughter and child support. In response, Ms. Daily filed a cross-motion requesting that the court increase her maintenance payments. She claimed that she was disabled and unable to adequately support herself, particularly if child support payments ceased. One of the positions Mr. Daily took was that the separation agreement precluded any modification of maintenance unless Ms. Daily became blind as a result of diabetic retinopathy.

Upon hearing the evidence, the trial court (1) declared that the younger daughter was emancipated as of January 1, 1994, (2) ordered Ms. Daily to reimburse Mr. Daily for child support paid after that date, and to pay his attorney's fee, and (3) denied Ms. Daily's cross-motion to modify maintenance. Neither party requested, nor did the trial court issue, findings of fact or a statement of the grounds for its opinion. The previous appeal followed, styled *Daily v. Daily*, 912 S.W.2d 110 (Mo.App. W.D.1995) *("Daily I")*.

In *Daily I*, this Court affirmed the trial court's declaration of emancipation, but reversed both the award of attorney's fees and the denial of Ms. Daily's cross-motion to modify maintenance. On the issue of maintenance modification we wrote:

> The terms of the agreement did not limit the ability of the court to modify maintenance only if Ms. Daily experienced diabetic retinagraphy [sic]. The mention of diabetic retinagraphy [sic] appears in the provision as an example, not as an absolute limitation or condition precedent. If the parties had intended such disability be the only circumstance in which maintenance could be modified they would have expressly made such a limitation, and the trial court could have considered whether such provision was unconscionable. The trial court had authority to modify maintenance. The trial court did not state why it denied modification of the maintenance award and, therefore, it may have denied modification because of this issue. The issue of whether the maintenance award should be modified is remanded to the trial court to determine, and the trial court

shall enter an order in accordance with its finding.

*Id.* at 114.

On remand, the trial court again denied Ms. Daily's cross-motion to modify maintenance. The court issued findings of fact. Ms. Daily then filed the present appeal with this Court. She claims that the trial court erred because it did not adhere to our holding in *Daily I.* We agree.

■ In *Daily I,* we specifically determined that the parties did not intend that Ms. Daily had to suffer blindness as a result of diabetic retinopathy before the court could modify her maintenance. On remand, the trial court disregarded our holding. In its Findings of Fact, the trial court stated:

1. By their separation agreement in 1984, tha [sic] parties clearly intended to limit the husband's liability for maintenance in excess of one dollar a year to a time and occasion that they anticipated might in the foreseeable future arise, that is, wife's blindness due to diabetic retinopathy. Respondent so testified and this court believes that testimony.

2. The parties intended that the trial court in 1984 incorporate in its decree of dissolution the specific provision (Paragraph II) limiting the husband's liability for an increase in future maintenance of the wife to the foreseeable occasion of her blindness due to diabetic retinopathy.

3. Whether the parties intended to limit the husband's liability for foreseeable future maintenance in excess of one dollar a year only to the situation in which the wife suffered blindness due to diabetic retinopathy is a question of fact.

In addition to these three paragraphs, the remainder of the trial court's Findings of Fact are riddled with discussion about diabetic retinopathy and the parties' intent to limit maintenance. The court's findings are contrary to our previous opinion. The reason we remanded this case the first time was so the trial court could determine if there were grounds for modifying the original dissolution decree in accordance with §§ 452.335 and 452.370, RSMo. This determination was to be made in light of our holding

that the parties *did not intend* to require the occurrence of a condition precedent, Ms. Daily's blindness, before the court could order a modification in maintenance.

■ Mr. Daily argues that our opinion in *Daily I* regarding the parties' intent was a misapplication of the law. We reject this argument because the "law of the case" doctrine prevents us from reexamining the issue. The "law of the case" doctrine:

[G]overns successive appeals involving the same issues and facts. Under the doctrine, the appellate decision becomes the law of the case in subsequent proceedings in the same cause. Its operation precludes re-examination of issues decided in the original appeal.

*Vallejo–Davila v. Osco Drug, Inc.,* 895 S.W.2d 49, 53 (Mo.App. W.D.1995) (quoting *McClelland v. Ozenberger,* 841 S.W.2d 227, 231 (Mo.App.1992)).

■ There is an exception to the "law of the case" doctrine. We will not apply the doctrine if adhering to our opinion in *Daily I* would result in an injustice to the rights of the parties. *Board of Regents for Southwest Missouri State University v. Harriman,* 857 S.W.2d 445 (Mo.App. S.D.1993). We find no such injustice. Nor do we discern any "misapplication of the law" as Mr. Daily contends. Mr. Daily makes a very extensive argument that at the time of the dissolution, the law stated that the terms of a separation agreement were modifiable unless the *agreement,* as opposed to the *decree,* expressly precluded or limited modification. He argues that the law did not require, as it does now pursuant to § 452.335.3, RSMo, that the *decree* itself explicitly bar modification. Our opinion was not contrary to this assertion. We specifically held that "[t]he terms of the *agreement* did not limit the ability of the court to modify maintenance...." *Daily,* 912 S.W.2d at 114 (emphasis added). Therefore, Mr. Daily's only possible claim of error on our part is that we misinterpreted the separation agreement. We interpreted the agreement applying normal rules of contract construction. *Id.* Just because our interpretation differs from Mr. Daily's does not automatically mandate a ruling in his favor. We see no injus-

tice in adhering to our prior opinion. Therefore, as the law of this case, our opinion will stand.

With the exception of our continued holding that the parties *did not intend* to limit the ability of the court to modify maintenance only if Ms. Daily experienced diabetic retinopathy, we decline to determine the underlying merits of this action. The trial court, having heard the testimony and reviewed the evidence, is in a much better position to judge the credibility of witnesses and sort out the facts in this case. However, we reverse the trial court's judgment as being contrary to our holding in *Daily I.* The case is remanded with specific orders that the trial court (1) make a determination, under the guidelines of §§ 452.335 and 452.370, RSMo, of whether the dissolution decree should be modified with respect to Ms. Daily's maintenance award; (2) issue an opinion containing findings of fact and a statement of the grounds for its decision; and (3) enter an order accordingly.

All concur.