STATE of Missouri, ex rel DIVISION OF FAMILY SERVICES, and Lillie J. Hellems, Plaintiffs/Appellants,

v.

Willie J. HELLEMS, Defendant/Respondent.

No. 71103.

Missouri Court of Appeals, Eastern District, Division Two.

June 24, 1997.

Jack F. Allen, Clayton, for plaintiffs/appellants.

Marglous & Mayer, Bernard Mayer, Clayton, for defendant/respondent.

PUDLOWSKI, Judge.

The State of Missouri through the Division of Family Services (DFS) appeals the trial court's order and judgment declaring Toraino Hellems (Toraino) emancipated and terminating Willie J. Hellems' (Husband's) child support obligation. Because the trial court's decision is supported by competent and substantial evidence and does not misapply the law, we affirm.

### I. Background

Lillie J. Hellems (Wife) and Husband were married on August 12, 1962. They had four children as a result of the marriage. Toraino, the youngest child, was born on August 28, 1971. In 1975, Husband and Wife separated. In December 1989, while attending Berkeley High School, Toraino was indicted for first degree assault and armed criminal action. In January 1990, while still a senior at Berkeley High School, Toraino enrolled in one course at the St. Louis Community College at Florissant Valley. From January 1990 until May 1990, Toraino attended both Berkeley High School and his one class at St. Louis Community College. On June 6, 1990, Toraino graduated from Berkeley High School. By October 1, 1990, Toraino had failed to enroll in a college, vocational school, or a school of higher learning.

In May 1990 Husband had signed a consent order with the Division of Child Support Enforcement (DCSE) agreeing to pay a total of $123 per month in child support for Toraino beginning June 15, 1990, until the time Toraino was "age 22, or otherwise emancipated, or until further order of the court." From June 1990 until February 1991 Husband paid $1,017 in child support for Toraino. In January 1991 the DCSE closed its child support file on Husband.

On March 8, 1991, Husband filed a petition for dissolution of marriage. Wife filed a cross-petition, seeking $50 per month in maintenance and $50 per month in child support despite the consent order. In April 1991 Toraino entered into a plea agreement in which the charges of first degree assault and armed criminal action were dismissed and he pled guilty to assault in the third degree. On August 26, 1991, Toraino enrolled as a full-time student at St. Louis Community College at Forest Park. He remained enrolled until May 1993.

In May 1993 a dissolution decree was entered dissolving Husband and Wife's marriage. No maintenance or child support was awarded in the decree. Later that year, in August, Toraino enrolled at the Pittsburgh State University in Kansas. On August 28, 1993, Toraino turned 22.

On May 24, 1995, Husband was severely injured at work and filed a workers' compensation claim. He received an award and began to receive benefits. In July 1995 Wife requested the DCSE reopen its child support file against Husband, claiming he had fallen behind in his payments. After a brief investigation, the DCSE again closed the child support file against Husband, noting in its record that "child was emancipated on 6/6/90

and also no collection possible for back support as no arrears were due."

In November Wife filed a lien against Husband's workers' compensation benefits, claiming he owed nearly $4,737 in back child support. In response to the lien Husband filed a motion to have Toraino declared emancipated and terminate child support as of June 6, 1990. In support of his motion Husband cited § 452.340.5 RSMo which explains a child is emancipated, and thus child support may cease, if the child is not enrolled in a vocational school or a school of higher learning by October 1 following his graduation from high school. In response to Husband's motion Wife filed a petition for the court to recognize a waiver of Toraino's obligation to enroll in an institute of higher learning by October 1 as provided for in § 452.340.5. Wife claimed Toraino's distress over his indictment caused extensive depression and prevented him from enrolling in the necessary learning institution.

In July 1996 Husband's motion and Wife's petition were heard. The trial court sustained Husband's motion finding he owed no child support to Wife for Toraino. The court then overruled Wife's petition. From this order Wife appeals.

## II. Wife's Appeal

"Our review of a trial court's ruling on motions involving child support is limited to whether the ruling is supported by substantial evidence, is against the weight of the evidence or erroneously declares or applies the law." *In re Marriage of Copeland,* 850 S.W.2d 422, 424 (Mo.App. E.D.1993). In her first point on appeal Wife argues the trial court erred in finding that Toraino had failed to meet the enrollment requirements of § 452.340.5. That section provides:

If when a child reaches age eighteen, he is enrolled in and attending a secondary school program of instruction, the parental support obligation shall continue until the child completes such program or reaches age twenty-one, whichever first occurs. If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school and so long as the child continues to attend such institution of vocational or higher education, the parental support obligation shall continue until the child completes his education, or until the child reaches the age of twenty-two, whichever occurs first....

§ 425.340.5. Wife concedes that Toraino did not enroll full-time in an institution of higher learning until a year after the August following his high school graduation, but contends that because Toraino enrolled in the single class at St. Louis Community College he met the statutory requirement for being enrolled in an institution of higher learning even though it occurred before his high school graduation.

§ 452.340 explains when child support may be terminated:

Unless the circumstances of the child manifestly dictate otherwise and the court specifically so provides, the obligation of a parent to make child support payments shall terminate when the child ...:

(5)Reaches age eighteen, unless the provisions of subsection 4 or 5 of this section apply.

Because there was no allegation Toraino was physically or mentally incapacitated, § 452.340.4 is not applicable. But as explained above § 452.340.5 mandates child support must continue "[i]f the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school." Wife argues the words "following graduation from a secondary school" modify the words "October first" and thus do not indicate the beginning point of the time frame during which the child must enroll in a post-secondary educational or vocational institution. Thus, even though Toraino was enrolled in a college course prior to graduation, the fact that he was enrolled before the first of October following his graduation was enough to satisfy the statutory requirement according to Wife. We disagree.

In examining the words of the statute we must give the words their plain meaning. *Bollinger v. Bollinger,* 778 S.W.2d 15, 18 (Mo.App.1989). In *Copeland* this court explained the wording of § 452.340.5:

The phrase "following graduation from a secondary school" establishes the beginning point of the time frame during which the child must enroll in a post-secondary educational or vocational institution. It is clear that the legislature used the term "graduation from a secondary school" in the sense of describing the event which makes the student eligible for post-secondary education.

*Copeland*, 850 S.W.2d at 426. Thus, only education after Toraino's high school graduation is relevant when determining if he met the statutory enrollment requirement. It is undisputed Toraino did not enroll in a vocational school or a school of higher learning prior to October first following his graduation from high school. Therefore, the trial court did not misapply the law in declaring Toraino emancipated and holding Husband owed no child support.[1] Point one is denied.

■ In her second point on appeal Wife argues the trial court erred in overruling her petition for a waiver under § 452.340.5, which provides, "If the circumstances of the child manifestly dictate, the court may waive the October first deadline for enrollment required by this subsection." Wife contends Toraino's depression and anxiety which followed his indictment on charges of first degree assault and armed criminal action were enough "circumstances" that would require the court to waive the October first deadline. We disagree.

We have interpreted the instances requiring a waiver to be very narrow. In *Daily v. Daily*, 912 S.W.2d 110 (Mo.App. W.D.1995), the Western District recognized waivers are appropriate only when interruption from enrollment is temporary, intention to re-enroll is evident, and manifest circumstances prevented continuous enrollment. *Daily*, 912 S.W.2d at 112–13. Such waivers have been granted in instances where the child suffers from a medical condition which prevents her from attending classes. *Braun v. Lied*, 851 S.W.2d 93 (Mo.App. W.D.1993). In examining the entire record in the instance case, we cannot say the decision of the trial court finding the requirements for a waiver had not been met is contrary to the weight of the evidence. Point two is denied.

■ In her final point on appeal Wife argues the wording of the consent order signed by Husband in May 1990 required a court order to determine Husband was free from making child support payments. Because Husband never obtained a court order modifying the original consent agreement, Wife contends the consent decree governs and required Husband continue to pay child support until Toraino was 22 years old or until a court order so directed. We disagree. The language of the consent agreement is clear, "Current child support payments are due each month until all of the children (sic) are age 22 or otherwise emancipated, or until further order of the court." While it is true Husband could have terminated child support payments with a court order or when Toraino reached 22 years of age, the agreement also provided Husband could stop payments once Toraino was "otherwise emancipated." As explained above Toraino became emancipated before his twenty-second birthday by failing to enroll in a vocational school or a school of higher education. § 452.340. Point three is denied.

The order and judgment of the trial court is affirmed.

CRANE, P.J., and GERALD M. SMITH, J., concur.

---

1. We do not address the issue of the exact date Toraino was emancipated since this is not relevant to whether Husband owed child support.