Dixie D. HUGHES, Respondent,

v.

Donald J. HUGHES, Appellant.

Nos. WD 57075, WD 57302.

Missouri Court of Appeals,
Western District.

Submitted June 1, 2000.

Decided June 20, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 1, 2000.

Craig D. Ritchie, St. Joseph, for appellant.

Robert B. Randolph, St. Joseph, for respondent.

Before HAROLD L. LOWENSTEIN, P.J., JAMES M. SMART, Jr. and THOMAS H. NEWTON, JJ.

JAMES M. SMART, Jr., Judge.

This case involves issues related to interpretation of a separation agreement incorporated into a dissolution decree. Donald J. Hughes appeals the denial of his motion to terminate maintenance. We affirm.

The marriage of the parties was dissolved in 1998 after a thirty-five year marriage. Incorporated into the judgment was the oral separation agreement of the parties as to spousal maintenance. Paragraph two of the dissolution decree stated as follows:

[Husband] shall pay to [Wife] periodic spousal maintenance in the amount of $1,000.00 per month, payable to the Circuit Clerk of Andrew County as trustee, commencing on the 10 th day of March, 1998. This maintenance order is non-modifiable and is to terminate upon the first of the following:

(a) Remarriage of [Wife];

(b) The co-habitation of [Wife] with a member of the opposite sex;

(c) The employment of [Wife];

(d) The death of either party;

(e) May 10, 2001.

Thus, the separation agreement provided for thirty-eight months of spousal maintenance in the amount of $1,000.00 per month, non-modifiable, subject to termination upon Wife's remarriage, Wife's co-habitation, Wife's employment, or the death of either party. The dissolution court found the agreement not to be unconscionable and adopted it in the court's decree.

On October 23, 1998, seven months after the dissolution, Husband filed a motion to terminate maintenance, contending, *inter alia*, that Wife had become employed subsequent to the dissolution and that therefore Husband was entitled to termination of maintenance.

At the hearing on January 27, 1999, Husband presented evidence that Wife had been engaged in part-time work for Gary Kunkel, a farmer who rented some acreage from Wife, in the fall of 1998, for a period of five weeks. She drove a tractor and truck in assisting him with harvesting his crops. Wife testified she worked a total of one hundred forty hours over the five weeks at the rate of $6.00 per hour, receiving a total income of $840.00.

Wife testified that the reason she accepted the temporary employment, in spite of her fibromyalgia, was that her financial circumstances became desperate because Husband refused to sign documents to divide a $20,000.00 bank account in accordance with his duty under the dissolution

decree. She testified that Husband finally signed the documents only after being served with a motion for contempt and notice of a hearing on that motion. Wife testified that she stopped working for Mr. Kunkel immediately after receiving the money to which she was entitled under the decree. Wife also testified that, due to her condition of fibromyalgia, she was regularly in pain while working for Mr. Kunkel.

Husband contended that he was entitled to terminate maintenance because the term "employment" in the separation agreement should be considered to mean literally any employment of any kind. Wife argued to the court that, in the context of the circumstances of the separation agreement, the word "employment" contemplated regular, full-time employment, or at least substantial employment. The motion court was uncertain as to the meaning of the word "employment" in this context and accordingly asked the parties what they had understood by the term. The court also searched the record of the dissolution proceeding for evidence of what the dissolution court thought in connection with its consideration of the agreement for purposes of conscionability pursuant to § 452.325 RSMo 1994.

The court noted that "employment" was not defined in the dissolution court's judgment. The court also noted that Wife had taken on the part-time work only because the Husband had refused to divide the bank account as the dissolution decree had required. The court also considered the fact that the record of the dissolution indicated that the separation agreement was negotiated as part of a property settlement agreement between the parties, and that the dissolution court had mentioned that Wife was at that time "not capable of full-time employment." The motion court indicated that the statement of the dissolution court in discussing the agreement supported the claim of Wife that the employment contemplated was to be full-time. The court then found that "[t]he work performed by [Wife] was not employment

and does not trigger the termination of her maintenance award."

Husband appeals the ruling of the motion court in his motion to terminate maintenance. Husband also appeals the award of $4,000.00 in attorney's fees to Wife for fees and expenses on appeal.

## Standard of Review

■ The standard of review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). This court will affirm the judgment of the motion court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* at 32.

## Discussion

Husband contends that it was error for the motion court to deny his motion to terminate maintenance because the court erroneously applied the law by failing to use the plain and ordinary meaning of the term "employment." He also contends there was no substantial evidence to support the court's judgment because Wife was employed. Because of the overlap in these two points, they are considered together.

■ In interpreting a separation agreement incorporated into a decree, the "normal rules of contract construction apply...." *Daily v. Daily*, 912 S.W.2d 110, 114 (Mo.App.1995) (citing *Blackman v. Blackman*, 767 S.W.2d 54, 59 (Mo.App. 1989)). "When the language of a provision is in dispute, the court must determine the parties' intent as manifested in the document itself and not by what the parties say they intended." *Id.* This is done by giving the words of the agreement their plain and ordinary meaning as understood by a reasonable and average person. *Id.* It is only when the language of the decree is ambiguous that a court may determine the interpretation of the settlement agreement by reference to evidence beyond the face of

the decree itself. *Bolton v. Bolton,* 950 S.W.2d 268, 271 (Mo.App.1997).

■ Husband argues that the word employment was not ambiguous and that the court was not entitled to consider factors extrinsic to the decree itself in interpreting the decree. We disagree.

■ This case involved an oral separation agreement incorporated into the decree. The parties may have been less careful than usual to insert descriptive modifiers before the word "employment" such as "substantial" or "regular" or "full-time." In any event, in this context, the word "employment" was ambiguous. A provision which is not ambiguous in one context may be ambiguous in another. *Hocker Oil Co., Inc. v. Barker–Phillips–Jackson, Inc.,* 997 S.W.2d 510, 516 (Mo.App.1999) (noting that cases interpreting the same language in a different context are "not particularly helpful.") Taken in its broadest sense, the word "employment" is extremely broad— so broad as to lead to some rather absurd applications in this context. Did the parties mean that babysitting, or trips to the farmer's market to sell garden produce, or engagement in a temporary, part-time endeavor, would terminate maintenance? That is certainly not clear, especially in the context of a negotiated thirty-eight month non-modifiable spousal maintenance provision which resulted from property division negotiations. Although the motion court made no specific finding of ambiguity, the court clearly found the word ambiguous, going on a search outside of the decree for the meaning of the word, not only asking the parties what they meant by the term,[1] but going on to examine the record of the dissolution court.

■ The provisions related to maintenance are decretal because the parties agreed that the terms of maintenance were to be incorporated into the decree. *Per-*

kinson v. Perkinson, 869 S.W.2d 170, 172 (Mo.App.1993) (maintenance is decretal unless the parties expressly agree not to incorporate maintenance provisions into the decree). The dissolution court is bound by the terms of the settlement agreement unless it finds the terms of the agreement unconscionable. § 452.325.2. The dissolution court was required to determine the meaning of the maintenance provisions for purposes of determining conscionability. When an incorporated portion of a decree is ambiguous, it is quite pertinent to determine what the dissolution court understood and intended when it incorporated the provisions in question. The record shows clearly in this case that the dissolution court understood that the word "employment" was a reference to full-time employment, or at least substantial regular employment which would take the place of the maintenance. The motion court determined this from the record, which shows that the dissolution court, after hearing the terms of the agreement, specifically remarked concerning wife's inability to engage in "full-time employment." The record also shows that at the time of the dissolution, the parties and the court were well aware that Wife was suffering from fibromyalgia. The record also shows that the thirty-eight month provision for non-modifiable maintenance was negotiated by the parties as part of the division of property. In the context of the facts of this dissolution, we cannot say that the interpretation the motion court reached was erroneous. Points I and II are denied.

### Attorney's Fees

■ Husband also contends it was error for the motion court to grant Wife's motion for attorney's fees and expenses on appeal. Husband asserts that the trial court abused its discretion in awarding fees because Wife failed to offer evidence

---

1. The trial court wisely elected not to be guided by the subjective recollection of either of the parties, recognizing that memories are notoriously subject to the coloring effect of self-interest. Certainly, the lack of definiteness in the term also rendered the term susceptible to divergent understandings.

of what her anticipated expenses would be and that the award was arbitrary and unreasonable. Section 452.355 RSMo Cum. Supp.1998 states that:

[T]he court from time-to-time after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding [arising out of a dissolution action].

 It is well established that "absent a manifest abuse of discretion," the trial court's award of attorney's fees will not be disturbed on appeal. *Meservey v. Meservey,* 841 S.W.2d 240, 248 (Mo.App.1992). The party challenging the award bears the burden of showing that the award is "clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." *Id.*

The motion court, in considering the motion for attorney's fees, heard evidence related to each party's financial condition and the court also considered an affidavit prepared by Wife's counsel estimating the legal fees to be incurred in the proceedings. The court found the estimated fees to be reasonable. The motion court considered the merits of the case and the actions of the parties during the pendency of the action. Accordingly, we cannot say that the motion court abused its discretion in the award of attorney's fees on appeal.

## Conclusion

For the foregoing reasons, we conclude that the court did not err in its rulings on the motion to terminate maintenance or on the motion to award attorney's fees on appeal.

NEWTON, J., concurs.

LOWENSTEIN, J., dissents in separate opinion.

LOWENSTEIN, Judge, dissenting.

I must respectfully file this dissent as to that portion of the opinion which affirms the point involving maintenance. The cases cited by the majority on page four of the slip opinion stand for the proposition that when interpreting an agreement, the intent of the parties must be gleaned from the words of the document itself, not from what the parties say was intended. The words are given their plain and ordinary meaning as understood by reasonable persons. *Daily v. Daily,* 912 S.W.2d 110, 113 (Mo.App.1995). Most importantly, when reviewing contract language incorporated in a decree, evidence outside the decree itself may be used in interpretation *only if the language is ambiguous. Bolton v. Bolton,* 950 S.W.2d 268, 271 (Mo.App.1997) (Emphasis added). There was no finding by the trial court that the word "employment" was ambiguous. Without such a finding, extrinsic evidence should not have been used in interpreting the decree. The evidence contained in the dissolution transcript or what the parties say they intended is totally beyond the language agreed to by the parties and incorporated into the decree and should not have been examined in interpretation. It is tempting for this court to consider the unfairness to Wife regarding Husband's adherence to the decree, however, Husband's behavior cannot change the fact that there is no authority for this court to declare the word "employment" ambiguous.

In *Bellamy v. Pacific Mut. Life Ins. Co.,* 651 S.W.2d 490, 496 (Mo. banc 1983), the Supreme Court of Missouri held that the phrase "all employees" included part and full-time employees. *Bellamy* is analogous to this case. The term "employment" includes part and full-time employment. No limitation upon the term "employment" was incorporated into the separation agreement by the parties. Had the parties wished to limit the language, wording to the effect that Wife's maintenance would terminate upon "full-time employment" could have been included. It was

not. This court should not read limiting language into the agreement for the parties. *See e.g., Barr v. Barr,* 922 S.W.2d 419, 421 (Mo.App.1996) (Court refused to read the term "consecutive" into dissolution decree which provided wife's maintenance was to terminate upon her "conjugal cohabitation with an adult male for a period of sixty (60) days..." Court held, "if the parties had intended that 'consecutive' be in the agreement, they could have put in the plain language."); *Daily v. Daily,* 912 S.W.2d 110, 114 (Mo.App.1995) (Court refused to read limiting language into dissolution decree which provided for maintenance modification. Court reasoned that if parties had intended to limit the circumstances under which maintenance could be modified they "would have expressly made such a limitation."). There is simply no authority to read the term "full-time" into the dissolution decree. Had the dissolution court felt the word "employment" needed modification, it could have so insisted. Absent any limitation upon the term, the plain and ordinary meaning of "employment" includes all work for hire, whether part or full-time.

No particular weight should be afforded here because the agreement was oral rather than written. The language was agreed upon by both parties. As stated in a case dealing with the construction of an insurance policy, cited to by the majority, *Hocker Oil, Company, Inc. v. Barker–Phillips–Jackson,* 997 S.W.2d 510, 516 (Mo.App. 1999), the objective in determining meaning or intent is drawn from the language employed.

The facts here make this a difficult case to reach an ultimate decision other than the one reached by the trial court. But, to now declare plain language ambiguous is to render ambiguous other agreements and decrees that are in existence. The result here will allow scrutiny of prior separation agreements, found not unconscionable and incorporated into judgments, in situations where one party subsequently seeks a judicial declaration different from the plain wording.