**Floyd R. BOOHER, Respondent,**

v.

**Laura P. BOOHER, Appellant.**

**No. ED 82896.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 13, 2004.

Richard A. Hopkins, Lange & Lange, Cuba, MO, for appellant.

J.D. Rohrer, Steelville, MO, for respondent.

PATRICIA L. COHEN, Judge.

Laura Booher ("Wife") appeals from a judgment entered by the Circuit Court of Franklin County denying her Motion to Enforce Judgment and Distribute Marital Assets. We reverse and remand.

### Background

Floyd R. Booher ("Husband") and Wife were married for approximately 20 years. On February 9, 1996, Husband filed a Petition for Dissolution of Marriage, asserting, among other things, that:

> [Wife] is employed but is not earning a substantial and lucrative income, and does not have funds and resources sufficient to enable [Wife] to provide for her own maintenance or to pay her attorney's fees, suit moneys, and cost of this action.

In addition, Husband asked the dissolution court specifically to order that he pay to Wife "three hundred dollars ($300.00) per month as and for her support for a period of sixty (60) months from the time the Decree of Dissolution becomes final...."

On March 14, 1996, the dissolution court dissolved the marriage. The Decree of Dissolution ("Decree") provided, in pertinent part, that:

> ... the Court finds there is a necessity to award maintenance, and the Court accordingly orders that [Wife] have and recover from the [Husband] the sum of $300.00 per month as and for maintenance. The first such payment shall begin April 1, 1996. The court finds that maintenance is non-modifiable and will terminate with the last payment of $300.00 on February 1, 2001.

The dissolution court also incorporated into the Decree, the parties' mutually executed Division of Property Agreement ("Property Agreement"). The Property Agreement explicitly provided, at paragraph 7, as follows:

> [Husband] will pay [Wife] $300.00 per month for sixty (60) months beginning the first day of the first month after the Decree of Dissolution is entered with all subsequent payments due the first day of each successive month of the sixty (60) month period. **In exchange, [Wife] will forfeit her interest in [Husband's] Plumber's Trust Fund Local 35 Pension Plan.** (emphasis added)

On October 8, 2002, Wife filed a Motion to Enforce Judgment and Distribute Marital Assets. In her Motion, Wife alleged that Husband failed to comply with his obligations under the Decree to pay $300.00 per month in exchange for Wife's right in Husband's Plumber's Trust Fund Local 35 Pension Plan ("Pension Plan") in addition to $300.00 per month for maintenance. In his response to the Motion, Husband asserted that the parties intended Wife to receive only one three hundred dollar payment per month for support or maintenance in exchange for her interest in Husband's Pension Plan.

Following a hearing, the motion court accepted Husband's argument and held that "the $300.00 maintenance award

in the original court's judgment is the same $300.00 amount referred to in Paragraph 7 of the 'Division of Property Agreement.'" In addition, the motion court determined that Husband fully paid the maintenance award referenced in the Decree. Finally, the motion court ruled that Wife's Motion constituted a collateral attack on the judgment as embodied by the Decree.[1]

### Standard of Review

The standard of review in a dissolution case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). This Court will sustain the motion court's judgment unless it lacks substantial evidentiary support, is against the weight of the evidence, or erroneously declares or applies the law. *Redlinger v. Redlinger*, 111 S.W.3d 413, 414 (Mo.App. E.D.2003). Dissolution decrees, as well as the property agreements incorporated therein, are enforceable like any other judicial judgment. *Bolton v. Bolton*, 950 S.W.2d 268, 271 (Mo. App. E.D.1997); *In re Marriage of Linnenburger*, 741 S.W.2d 872, 876 (Mo.App. E.D.1987).

The court interprets the language in the dissolution decree and the property agreement by applying well-settled rules of contract construction. *Hughes v. Hughes*, 23 S.W.3d 838, 840 (Mo.App. W.D.2000). More specifically, when a provision of the agreement is in dispute, the court determines the intent of the parties as manifested in the document not by what the parties say they intended. *Id.* If the terms of the contract are ambiguous, the court may interpret the provisions by reference to evidence beyond the face of the decree itself. *Hughes*, 23 S.W.3d at 840–41.

### Discussion

■ Wife contends in her first point that the motion court erred in concluding that the maintenance ordered in the Decree and the payment referenced in paragraph 7 of the Property Agreement are identical. We agree.

As the motion court implicitly held, the Decree is clear and unambiguous. The dissolution court unquestionably awarded maintenance, stating that:

> The Court finds that there is a necessity to award maintenance, and the Court accordingly orders that [Wife] have and recover from the [Husband] the sum of $300.00 per month as and for maintenance. The first of such payments shall begin April 1, 1996. The Court finds that maintenance is non-modifiable and will terminate with the last payment of $300.00 on February 1, 2001.

In addition, by incorporating the parties' Property Agreement into the Decree, the dissolution court ordered Husband to pay $300.00 per month in exchange for Wife's right to a share of Husband's Pension Plan.

Husband's position, which was adopted by the motion court, is that Husband discharged his obligation to compensate Wife for her interest in the Pension Plan through payment of maintenance. Not only is Husband's contention contrary to the clear language of the Decree, it contravenes the intent of the maintenance statute and relevant law.

---

1. Husband concedes that this action is not a collateral attack on the judgment. Such an attack arises when an unappealable judgment is challenged in a separate proceeding. *Freeman v. Leader Nat. Ins. Co.*, 58 S.W.3d 590, 598 (Mo.App. E.D.2001). Wife is not challenging the Decree and the Property Agreement but rather seeks to enforce the judgment as written. Thus, there is no collateral attack on the judgment. Furthermore, Wife is entitled to bring this action under Mo.Rev.Stat. § 516.350 (2002).

Section 452.335 RSMo (2000) provides in pertinent part that:

1. In a proceeding for ... dissolution of marriage ... the court may grant a maintenance order to either spouse, but only if it finds that the spouse seeking maintenance:

(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

(2) Is unable to support himself through appropriate employment....

Maintenance is founded on need and "issues for support and *only* for support...." *Cates v. Cates,* 819 S.W.2d 731, 735 (Mo. banc 1991)(emphasis in original). Maintenance "serves the purpose of permitting the receiving spouse to readjust financially during a period of dependency...." *Id* at 736.[2]

Maintenance should not be used as a mechanism to distribute marital property. *Heilman v. Heilman,* 700 S.W.2d 843, 845 (Mo. banc 1985). Wife's interest in Husband's Pension Plan is marital property. *Lynch v. Lynch,* 665 S.W.2d 20, 23 (Mo.App. E.D.1983). To accept Husband's argument and affirm the motion court is to countenance the use of maintenance as an appropriate method to compensate a spouse for an interest in marital property. There is nothing in the Decree to suggest that the dissolution court, or the parties, intended such an improper result.

To the contrary, the Decree is quite clear. The dissolution court acknowledged Wife's need for maintenance as set forth in the petition and awarded the amount sought by the parties for Wife's support. In addition, the Property Agreement expressly requires Husband to make periodic payments to Wife in exchange for Wife's interest in Husband's Pension Plan. These are two entirely different payments for two entirely different purposes.

Moreover, by concluding that the two payments were identical, contrary to the clear language of the Decree, the motion court, in essence, improperly modified the Decree by eliminating the Husband's obligation to compensate Wife for her interest in the Pension Plan. As this Court has held, "the trial court ... does not maintain the power to modify property settlement terms of a separation agreement, once the agreement is incorporated into a dissolution decree." *Bolton,* 950 S.W.2d at 271.

Despite our rejection of the motion court's determination that "the $300.00 maintenance award in the original court's judgment is the same $300.00 amount referred to in Paragraph 7 of the 'Division of Property Agreement,'" we accept its finding that the "maintenance award was fully paid by the [Husband]." However, by the terms of the Property Agreement, Husband has failed to compensate Wife for her interest in the Pension Plan. Accordingly, we reverse the judgment insofar as it failed to enforce Husband's obligation to compensate Wife for her interest in his Pension Plan and remand the matter with directions to enter judgment in favor of Wife consistent with this opinion and to consider whether attorney's fees, costs, interest or other further relief is appropriate.

BOOKER T. SHAW, P.J., and LAWRENCE G. CRAHAN, J., Concur.

---

**2.** Husband's contention that the Petition for Dissolution's prayer is inconsistent with an award of maintenance because it seeks "support" and not "maintenance" is disingenuous. Maintenance is the mechanism by which a spouse who fulfills the statutory requirements obtains support. See *Cates, supra.*