**Michael W. MURRAY, Respondent,**

v.

**Susan J. MURRAY, Appellant.**

**No. ED 94260.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 23, 2010.

Jody H. Wolff, Clayton, MO, for appellant.

Michael W. Murray, St. Louis, MO, pro se.

Before SHERRI B. SULLIVAN, P.J., CLIFFORD H. AHRENS, J., and LAWRENCE E. MOONEY, J.

PER CURIAM.

Susan Murray, n/k/a Susan May ("Mother") appeals from the judgment of the trial court denying her first amended motion for judgment of contempt against Michael Murray ("Father"). Mother raises four points on appeal.[1] We summarily deny two of these claims and find that no jurisprudential purpose would be served by an exposition of the detailed facts and law.[2] Rule 84.16(b).

Mother and Father were married on August 21, 1976, and divorced on February 26, 1998. During the course of the marriage, three children were born: Colleen, d.o.b. September 26, 1978; Heather, d.o.b. February 25, 1981; and Erin, d.o.b. December 13, 1984. At the time of the dissolution, Heather and Erin were still minors. The dissolution decree ("Dissolution Decree"), which incorporated the separation agreement of Mother and Father, provided, in part, that Father would pay child support for Heather and Erin until they were twenty-three years old, provided that they were still pursuing a post-secondary education. The Dissolution Decree also provided that Mother and Father would each pay half of the medical expenses not covered by insurance, and that Father and Mother would divide the cost of post-secondary education for the children on a 60–40 basis, unless and until Mother re-married, at which time the educational obli-

---

1. Father has not favored this court with a Respondent's brief on appeal.

2. The parties have been furnished with a memorandum, for their information only, setting forth the reasons for our decision pursuant to Rule 84.16(b).

gation would become 50–50. The educational provisions were subject to several limitations, which included the following:

The maximum cost each party shall be responsible for in any given school year will be in an amount of no more than their respective percent of the cost of an education at any school the parties find mutually acceptable, but in no event, more than their respective percent of the cost of the primary state school or university (currently the University of Missouri–Columbia) in the state where the minor children may reside at the time he has been accepted.

Time passed. The children went to college. Mother remarried. Father remarried. Father did not pay for the post-secondary education of his children. After Erin turned twenty-three years old, Father sent mother a letter stating that he had overpaid child support, and that he believed that Mother owed him that excess sum. Whereupon Mother retained counsel and on February 29, 2008, filed an application for order to show cause and motion for judgment of contempt, subsequently amended. In the application/motion, Mother alleged that Father had failed and refused to pay "those sums" required for their children's post-secondary education as ordered in the Dissolution Decree, and had failed to pay her any portion of the children's uncovered medical expenses since the date the Dissolution Decree had been granted in 1998 up to the date of the filing of the application/motion. She also claimed that Father had the ability to comply with the Dissolution Decree, and that she lacked an adequate remedy at law, and accordingly requested that the trial court hold Father in contempt and order him to pay "the amounts owed" to her and her attorney's fees. Father then filed a motion to recover overpaid support and a motion to dismiss order to show cause, later followed by a motion for contempt and for sanctions. Mother in turn filed her first amended motion for order to show cause and motion for judgment of contempt ("Amended Motion").

The trial court held a hearing on all of the pending motions. Mother and Father testified, as did all of their children. Mother attempted to introduce into evidence a "tub" of purported carbon copies of her checks over the years indicating expenses that she paid for which Father was allegedly obliged to pay for the children, along with her self-created summary of the information from the carbon copies of the checks. Mother had not produced either the collection of carbon copies or the summary in response to Father's request for production of documents during discovery. The trial court excluded these items from evidence, although it did permit Mother to use them to refresh her recollection. Two exhibits, AA and MM, which related to the college expenses of Erin and Heather respectively, were admitted into evidence without any objection from Father.

The trial court issued findings of fact, conclusions of law, and its judgment on September 15, 2009. It ultimately denied Father's motion to recover "overpaid" child support, denied his motion for contempt, and denied Mother's Amended Motion.

Mother now appeals from this judgment.

 Our review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will sustain the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or misapplies the law. *Id.* at 32. Dissolution decrees and the property agreements incorporated therein are enforceable like any other judgment. *Booher v. Booher*, 125 S.W.3d 354, 356 (Mo.

App.2004). This Court defers to the trial court's determinations of credibility, and views the evidence and the inferences that may reasonably be drawn therefrom in the light most favorable to the judgment. *Neal v. Neal*, 281 S.W.3d 330, 337 (Mo. App.2009). In reviewing bench trials, this Court will uphold the judgment of the trial court if there is any tenable basis for the result. *State v. Entertainment Ventures I, Inc.*, 44 S.W.3d 383, 388 (Mo. banc 2001).

■ We will first examine Mother's second point on appeal as it is dispositive. In her second point relied on, Mother argues that the trial court misstated the law and facts in denying her Amended Motion for failure to state a claim because a paragraph of her motion "specifically requests that a sum certain be determined by the Court" and she presented evidence from which the trial court could calculate the amount due and owing, thereby stating a claim for relief.

■ Mother avers that a number of the trial court's findings are "contrary to the law" and the evidence adduced at trial. She is correct in stating that the title of a motion is not dispositive; rather, the contents of the motion must be considered. *Dunkle v. Dunkle*, 158 S.W.3d 823, 831–32 (Mo.App.2005). As Mother states, paragraph 13 of her amended motion avers that:

> [Mother] has no adequate remedy at law and therefore seeks this Court's Judgment holding [Father] in Contempt for the reasons set forth above; and order [Father] to pay the amounts owed to [Mother] and [Mother]'s attorney's fees; and enter judgment against [Father] for all sums due to [Mother], including interest, if any.

Broadly construed, this would appear to be a request to reduce sums to judgment, and the record suggests that this issue was tried before the trial court, by consent if not by pleading. With that in mind, the trial court did in paragraph 11(f) of its judgment find that "a proper motion would have been a motion to reduce sums to Judgment, and the record in this case is unclear as to what sums have been adduced and what sums have been paid by [Mother], if any." The trial court is correct in this statement about the proper motion; however, it did not decide the matter based on the style of Mother's Amended Motion, which would be an error. The remainder of the trial court's findings and conclusions reflect that the trial court in effect treated Mother's Amended Motion as a joint motion to reduce sums to judgment and motion for contempt. In paragraph 16 of its findings and conclusions, the trial court found that "[Mother]'s Motion for Contempt cannot be reasonably construed as a Motion to Reduce Sums to Judgment, *as the record is devoid of any facts which would allow the Court to make the determination of the sums that are due and owing by [Father]*." (Emphasis added). Essentially, the trial court found that there was insufficient substantial, competent, credible evidence for it to reduce the sums to judgment, not that it refused to treat Mother's Amended Motion as a request to reduce sums to judgment. Mother stated a claim for which relief could be granted, but the trial court, the finder of fact, was not persuaded by her evidence. It specifically found that Mother's testimony "lacks credibility and is not supported by the testimony of the parties or the evidence adduced therein." It found that that she failed to show that she ever made demand for any payment of medical-related bills for the children to Father, and that her own testimony on the subject was contradictory. The trial court found that Mother testified that she had not spoken to Father in years, but also stated that she had made

demand on him in writing, but she could not produce any evidence submitted in the record that she made a demand on Father, and that she failed to show the actual expenses incurred, whether they were covered partially or totally by health insurance, or when those expenses were incurred or that she paid those expenses.

We note that Erin testified that she did not recall bringing Father any letters from Mother, or recall being given letters by Mother with instructions to give them to Father so he could give her money. Heather testified that she never gave Father a bill that he refused to pay. Their testimony is in marked contrast to that of Mother, who claimed to have sent letters and bills to Father through the two young women.

There is a lack of substantial, credible evidence regarding the medical expenses of the children that were not covered by insurance. The trial court did not err in concluding that Mother failed to prove her claim for those expenses.

█ Regarding college expenses, the trial court found that Mother testified to different amounts regarding college expenses for the children, "was unclear" as to the amounts she had actually paid, what amounts were loans to the children, what amounts of loans she had paid, and what the children had paid. The trial court found that the Dissolution Decree required specifically that Mother and Father mutually choose an acceptable educational institution for the children, but there was no evidence that there was ever such a mutual agreement, "and the evidence of the parties' lack of communication would indicate that the parties at no time reached a consensus on where to send the then minor children to college." The trial court also found that despite Father's request for production of evidence showing payments for college expenses, no such evidence was produced, and that the only records produced regarding bills were not contemporaneous records or records submitted by the appropriate custodian of records under affidavit.

The trial court is incorrect in its findings and conclusions regarding the children's post-secondary education expenses. Father admitted that he was aware the children were going to the University of Missouri and Truman State University, both state schools. Father testified he went up to Truman, and every January his daughters gave him copies of their class schedules. Father acknowledged that he knew his children had college expenses, and did not know who was paying them. Father stated that the reason he did not pay the college expenses was that he "didn't have the money" and he thought the girls would play sports. When he talked to the children about school costs, they said their mother was taking care of it. Exhibits AA and MM were admitted into evidence without objection by Father, and in fact apparently subpoenaed from the University of Missouri–Columbia and Truman State University respectively by Father. Exhibit AA has accompanying affidavits from the custodians of records.[3] These exhibits show the charges and credits for the education of Erin and Heather in considerable detail. While it is true that these exhibits are not, in and of themselves, bills and do not show who paid the charges, other than through student loans, they do provide competent and substantial evidence of the children's post-secondary educational ex-

---

3. The record reflects that the records from Truman State University had an accompanying affidavit from the custodian of records when sent to Father's counsel, but that affidavit does not appear as part of Exhibit MM. However, Exhibit MM was admitted into evidence without objection by Father.

penses. There is sufficient information contained therein, when coupled with the terms of the Dissolution Decree regarding the payment of post-secondary education expenses, for the trial court to determine Father's portion of the expenses, given that Father testified that he paid nothing towards their education. The Dissolution Decree states that "costs and expenses shall include books, tuition, fees, and dormitory costs" with the costs payable by Mother and Father reduced by scholarships and financial aid that reduces the actual costs. It further provides that "loans to the student shall not be considered scholarship or other aid" that would reduce "costs." The Dissolution Decree also specifies what percentages of the educational expenses were to be borne by Father. The trial court erred in its judgment on the claim for educational expenses.[4] Point denied in part and sustained in part.

We need not address Mother's first point relied on, as our holding on her second point relied on is dispositive regarding the trial court's judgment.

The judgment of the trial court is affirmed in part and reversed and remanded in part with instructions to the trial court to determine the sum that Father owes based on Exhibits AA and MM pursuant to the terms of the Dissolution Decree for the educational expenses of Erin and Heather.

---

4. The trial court was correct in finding that the record was unclear as to what Mother paid towards the post-secondary educational expenses of Erin and Heather. However, the issue is what Father is obligated to pay towards educational expenses under the Dissolution Decree, not what Mother paid.