

# In the Missouri Court of Appeals
# Eastern District

## SOUTHERN DIVISION

| | | |
|---|---|---|
| ANDREA J. STORY, | ) | No. ED101261 |
| | ) | |
| Plaintiff/Respondent, | ) | Appeal from Cape Girardeau County |
| | ) | Circuit Court |
| vs. | ) | |
| | ) | Honorable William L. Syler |
| GEORGE R. STORY, | ) | |
| | ) | |
| Defendant/Appellant. | ) | Filed: January 6, 2015 |

## Introduction

This is an appeal from a judgment entered by the trial court granting the motion for contempt filed by Andrea Story (Plaintiff) against her former spouse, George Story (Defendant), for his failure to comply with the terms of the parties' marital settlement agreement relating to the division and payment of soybean crop proceeds. Defendant claims the trial court erred in determining the amount of bean crop proceeds owed to Plaintiff. We affirm, as modified.

## Factual Background

On March 4, 2013, the trial court entered a judgment and decree dissolving the marriage of the parties. The parties' settlement agreement was incorporated into the judgment and decree of dissolution. As part of their property division, Plaintiff and Defendant agreed to a 50/50 division of the proceeds from the sale of the soybean crops after deducting related expenses.

In May 2013, Plaintiff filed a motion for contempt requesting the trial court to hold Defendant in contempt for failing to provide documentation relating to the division and payment of the soybean crop proceeds as required by the terms of the parties' settlement agreement. In response, Defendant denied being in contempt and asserted that any delay in providing the documentation was merely "inadvertent." Following a hearing on the motion for contempt in November 2013, the trial court entered a judgment in favor of Plaintiff and concluded that Defendant owed Plaintiff $89,964.03 in soybean crop proceeds pursuant to the terms of the parties' settlement agreement. Defendant filed a motion to reconsider and/or amend the judgment, which was denied. Defendant appeals.

## Standard of Review

The trial court's judgment will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We defer to the trial court's determinations regarding witness credibility and view the evidence and inferences drawn therefrom in the light most favorable to the judgment. *Schubert v. Schubert*, 366 S.W.3d 55, 62 (Mo. App. E.D. 2012).

### *Soybean Crop Proceeds*

In his sole point on appeal, Defendant claims the trial court's finding that he owed Plaintiff $89,964.03 was incorrect and against the weight of the evidence. In response, Plaintiff maintains that the trial court properly determined that Defendant owed $89,964.03 to Plaintiff for her one-half share of the bean crop proceeds pursuant to the terms of the parties' marital settlement agreement.

The relevant provision of the parties' settlement agreement provides that:

The parties agree that the gross sale of beans from the [sic] 2012 is estimated to produce approximately $460,000.00. The parties further agree that Wife shall receive 50% of the net from the sale of the beans after the FSA loan and crop share is paid off, excluding from said loan any amounts attributable to expenses in connection with the current wheat crop from which Husband shall receive 100% of the profits. Husband will provide to Wife a full accounting of the bean production sales and expenses for 2012 as soon as the same is available.

In interpreting a settlement agreement incorporated into a dissolution decree, the general rules of contract construction apply. *Hughes v. Hughes*, 23 S.W.3d 838, 841 (Mo. App. W.D. 2000) (citation and quotation omitted). "When the language of a provision is in dispute, the court must determine the parties' intent as manifested in the document itself and not by what the parties say they intended." *Id*. "This is done by giving the words of the agreement their plain and ordinary meaning as understood by a reasonable and average person." *Id*. It is only when the language of the decree is ambiguous that a court may determine the interpretation of the settlement agreement by reference to evidence beyond the face of the decree itself." *Id*. at 840-41.

Defendant does not dispute that pursuant to the terms of the parties' marital settlement agreement, he owed Plaintiff one-half of the proceeds from the sale of soybean crops. Rather, he contends that the trial court erred in determining that he owed Plaintiff $89,964.03 because this amount was not based on the actual post-harvest revenue from the 2012 sale of the soybean crops. Specifically, he disputes the base amount of gross proceeds ($287,628.05) that was applied in calculating the amount of net proceeds owed to Plaintiff, arguing that the trial court improperly relied on inaccurate and speculative evidence submitted by Plaintiff, which was based on pre-harvest and pre-sale estimates from August 2012.

At the hearing, both parties submitted evidence for the purpose of determining the amount of gross proceeds from the 2012 sale of the soybean crops. The evidence submitted by

3

Defendant consisted of documentation from the Farm Service Agency (FSA) and a statement of post-harvest and post-sale revenues and expenses prepared by his CPA, Theodore Eftink. According to the evidence submitted by Defendant, the gross revenue from the November 2012 crop sales totaled $258,364.49. Plaintiff submitted a report by Hurley & Associates, dated August 16, 2012, that estimated the amount of gross proceeds to be $287,628.05. Plaintiff also submitted a "bean crop calculation," which included deductible expenses. According to Plaintiff's evidence, the net proceeds from the crop sales totaled $179,928.05. Based on this figure, Plaintiff claimed she was entitled to one-half, or $89,964.03, pursuant to the terms of the settlement agreement.

The record reveals that the only evidence reflecting actual sales revenue and deposits from the November 2012 soybean crop sales indicated that the gross amount of bean crop proceeds totaled $258,364.49. This amount was based on the post-harvest and post-sale revenue that was evident from documentation and testimony submitted by Defendant, which included evidence of check deposit amounts and payments to the USDA. Moreover, at the hearing, Eftink testified that the proceeds amounts submitted by Plaintiff were not "actual accountings" because they were based on pre-harvest and pre-sale estimates rather than actual post-harvest and post-sale amounts.

The trial court provides no explanation in its judgment for its finding that Plaintiff was owed $89,964.03. However, it is clear from our review of the record that the base amount of gross proceeds relied upon by the trial court in determining the amount of proceeds owed to Plaintiff was $287,628.05. The record indicates that this amount was based on pre-harvest and pre-sale estimates rather than actual sales. To effectuate the clear language of the parties' settlement agreement, which entitles Plaintiff to one-half of "the net from the sale of the beans"

4

we must start with the actual sales revenue, not a pre-sale estimate. Thus, while the trial court was correct in determining that Plaintiff was entitled to one-half of the net proceeds from the sale of the soybean crops pursuant to the terms of the settlement agreement, the court's finding that Plaintiff was owed $89,964.03 is incorrect because it was not based on the amount of crop proceeds from actual sales. In any event, remand is unnecessary because pursuant to Rule 84.14, we may modify the judgment and enter the judgment that should have been rendered. Accordingly, we modify the judgment to reflect $258,364.49 in gross proceeds, based on the amount of actual sales.

### *Deductible Expenses*

Defendant also contends that the trial court erred in determining the amount of deductible expenses because the court failed to include expenses for production costs. He also claims that Plaintiff's evidence did not accurately reflect deductible expenses. Plaintiff counters that the trial court properly calculated the amount of deductible expenses in accordance with the terms of the parties' settlement agreement.

Both parties agree that the relevant provision of the settlement agreement relating to the division and payment of soybean proceeds is not ambiguous. However, the parties disagree as to the trial court's interpretation of the language relating to the amount of proceeds and deductible expenses. The provision at issue states, in pertinent part:

> The parties further agree that Wife shall receive 50% of the net from the sale of the beans after the FSA loan and crop share is paid off, excluding from said loan any amounts attributable to expenses in connection with the current wheat crop from which Husband shall receive 100% of the profits. Husband will provide to Wife a full accounting of the bean production sales and expenses for 2012 as soon as the same is available.

Pursuant to the plain language of the settlement agreement, it is undisputed that both parties agreed that in determining the amount of net soybean crop proceeds, expenses would be

5

deducted. The parties disagree, however, as to the amount of these expenses. At the hearing, both parties testified and submitted evidence regarding expenses. Defendant submitted an itemized list of deductible expenses totaling $255,065.59, which included seed, fertilizer, truck and equipment repairs, fuel costs, accounting fees, office and shop supplies, marketing costs, and property taxes. For expenses that could not solely be attributed to the soybean crops, Mr. Eftink indicated that a 22% deduction was made based on his determination that the bean crop sales accounted for 78% of the total crop revenue. Based on the listed expenses submitted by Defendant, he maintains that the "net profit" from the bean crop sales was $3,298.90, and therefore the trial court should have ordered him to pay one-half, or $1,649.45, to Plaintiff.

Contrary to Defendant's assertion, Plaintiff contends that the trial court properly considered the amount of deductible expenses. Specifically, Plaintiff points out that the deductible expenses she submitted were in accordance with the plain language of the relevant provision directing payment of one-half of the net proceeds after the FSA loan and crop share is paid off, and excluding unrelated expenses. Plaintiff asserts that the evidence she presented at the hearing reflected these deductions and therefore the trial court properly included them.

Plaintiff also asserts that the settlement agreement does not mention additional expenses. Nonetheless, Defendant claims that the expenses he submitted should have been included because the parties had an understanding that the "full accounting" language meant he would provide a list of expenses to Plaintiff. However, nothing in the provision mandates that Defendant would be allowed to deduct all of the expenses submitted to the trial court. Moreover, as the record shows, Plaintiff was forced to file a motion for contempt against Defendant because he had delayed providing her with the documentation. We will not convict the trial court of

error that was, at least to some extent, invited by Defendant. *See Shields v. Shields*, 59 S.W.3d 658, 661 (Mo. App. S.D. 2001).

"We give deference to the trial court's decision, even if the evidence could support a contrary conclusion." *Taylor v. Taylor*, 25 S.W.3d 634, 638 (Mo. App. W.D. 2000). We also defer to the trial court's assessment regarding the credibility of the witnesses and the weight to be given to their testimony, as the trial court is free to believe none, part, or all of the testimony. *Id.* Here, the trial court was in a better position to resolve any conflicts in evidence with regard to determining the proper amount of deductible expenses. *See Rothfuss v. Whalen*, 812 S.W.2d 232, 235 (Mo. App. E.D. 1991). Based on the record, we find no error with regard to the amount of deductible expenses as determined by the trial court. Accordingly, the judgment is modified to reflect that $75,332.24 is owed to Plaintiff.[1] In all other respects, the judgment is affirmed.

### Conclusion

For the foregoing reasons, the trial court's judgment is affirmed, as modified.

_____
Philip M. Hess, Judge

Mary K. Hoff, P.J. and
Gary M. Gaertner, Jr., J. concur.

---

[1] $258,364.49 - $107,700 (deductible expenses) = $150,664.49 (net proceeds) ÷ 2 = $75,332.24